Filed 9/20/24  P. v. Auxila CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ISHMEL AUXILA,<br><br>      Defendant and Appellant. | A169442<br><br>(Marin County<br>Super. Ct. No. SC222386A) |

Ishmel Auxila (appellant) appeals following his convictions for making criminal threats (Pen. Code, § 422) and violating a criminal protective order (*id.,* § 166, subd. (c)(1)(A)).  The sole issue on appeal is whether the trial court erred in denying appellant's motion made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  We affirm.

BACKGROUND[1]

In July 2023, a jury found appellant guilty of violating a criminal protective order, but was unable to reach a verdict on the criminal threats charge and the court declared a mistrial on that count.

---

[1] We recite only those facts relevant to this appeal.

1

In September 2023, before the start of a second trial retrying appellant on the criminal threats count, appellant brought a *Marsden* motion. At the *Marsden* hearing, appellant raised multiple issues with his attorney, a deputy public defender: (1) the public defender's office had a conflict of interest, which appellant did not identify; (2) he provided his attorney with contact information for multiple potential witnesses but they were not subpoenaed or contacted in sufficient time; (3) he requested his attorney subpoena documents; and (4) he requested his attorney make certain motions and other filings, identifying only a motion based on double jeopardy.

Appellant's attorney responded that she had been a lawyer for 27 years and had been representing appellant since his arrest in March 2023. With respect to the asserted conflict of interest, counsel stated that in a prior case, the prosecution intended to call appellant's father as a witness and the public defender's office had previously represented appellant's father, thereby creating a conflict with representing appellant in that case. In this case, the prosecution did not intend to call appellant's father as a witness, so that conflict was not present. With respect to the potential witnesses, the attorney's investigator had attempted to contact them, was able to locate two, and one agreed to testify and was on the witness list. The second located person stopped responding to the attorney and her investigator, and counsel made the strategic decision not to subpoena that person because the resulting testimony could be bad for appellant. As for the documents identified by appellant, counsel had subpoenaed them from the Internal Revenue Service but had not yet received them. With respect to the filings requested by appellant, counsel stated she had repeatedly requested the court release appellant before trial but the requests were denied. Counsel had researched double jeopardy and found caselaw adverse to appellant's position, but had

nonetheless made an oral motion, which the court denied. At the conclusion of these remarks, appellant's counsel stated, "What I am concerned about is that I do have -- and I'm oscillating back and forth. I am concerned that [appellant] does not trust me and, you know, that it is -- this issue is the most difficult issue in our relationship between attorney and client, and it does cause me some concern."

In response, appellant asserted there was a conflict that "has nothing to do with my father," explaining, "every time [the victim] makes these false accusations against me, . . . the public defender don't represent me because it's a conflict. Anytime I ask what's the conflict, nobody wants to tell me what the conflict is." Appellant's counsel then clarified that the public defender's office represented appellant in a 2007 case, a 2011 case, and the instant case, but had declared a conflict in a 2022 case. The court explained to appellant, "So the facts of all those cases are different in terms of witnesses and the people who may be involved, so there could be a conflict in one case and not in another," and the fact that there was a conflict in one case "does not mean that the conflict exists for all time and for all cases."

The trial court denied the *Marsden* motion, finding the record indicated appellant's counsel "is representing you effectively and assisting you effectively and that there is not a basis for me to discharge her."[2]

At the retrial on the criminal threats count, a jury found appellant guilty. Appellant admitted a prior strike allegation and the trial court sentenced him to four years in prison.

---

[2] The trial court also denied a subsequent *Marsden* motion made during the second trial. Appellant raises no claim of error with respect to this ruling.

3

## DISCUSSION

Appellant argues the trial court abused its discretion in denying his *Marsden* motion. We disagree.

"Established principles govern our assessment of whether the court abused its discretion in denying defendant's *Marsden* motion. 'Once a defendant is afforded an opportunity to state his or her reasons for seeking to discharge an appointed attorney, the decision whether or not to grant a motion for substitution of counsel lies within the discretion of the trial judge. The court does not abuse its discretion in denying a *Marsden* motion " 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' " [Citations.] Substantial impairment of the right to counsel can occur when the appointed counsel is providing inadequate representation or when "the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." ' " (*People v. Myles* (2012) 53 Cal.4th 1181, 1207 (*Myles*).)

Appellant primarily points to counsel's expression of her concern that appellant did not trust her, arguing this obligated the court to either grant the *Marsden* motion or inquire further. We disagree. Counsel did not state any lack of trust rendered ineffective representation likely. That appellant purportedly did not trust counsel does not render the court's ruling an abuse of discretion. " 'If a defendant's claimed lack of trust in, or inability to get along with, an appointed attorney were sufficient to compel appointment of substitute counsel, defendants effectively would have a veto power over any appointment, and by a process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law.' " (*Myles, supra,* 53 Cal.4th at p. 1207.)

Appellant also contends that, when he told the court the public defender's office had been conflicted in a prior case but no one told him why, the court was obligated to inquire. Counsel explained the history of the public defender's office's representation of appellant, including that a prosecution witness in a prior case created a conflict. No further inquiry was necessary. Appellant has failed to establish an abuse of discretion in the court's denial of his *Marsden* motion.

## DISPOSITION

The judgment is affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A169442)

5